**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**THERESA KEM JOHNSON**                                                                **PLAINTIFF**

**V.**                                     **CIVIL ACTION NO. 3:07-cv-314 DPJ-JCS**

**NEW SOUTH FEDERAL SAVINGS
BANK; ET AL.**                                                        **DEFENDANTS**

<u>**ORDER**</u>

This mortgage loan dispute is before the Court on Defendant New South Federal Savings Bank's motion for summary judgment. The Court, having fully considered the parties' submissions and applicable law, finds that Defendant's motion should be granted.

**I.      Facts and Procedural History**

On May 1, 1996, Defendant New South Federal Savings Bank ("New South") made a mortgage loan to Plaintiff Theresa Kem Johnson in the amount of $54,000, evidenced by a note and secured by a deed of trust on Plaintiff's home. The physical address of Plaintiff's home is 398 Brookwood Lake Place, Jackson, Mississippi. The deed of trust provided that Plaintiff would maintain hazard and flood insurance on the property and pay all property taxes. If Plaintiff failed to acquire the required insurance or pay property taxes, New South was entitled to pay for these items and add the cost to the principal of the loan pursuant to the following provision:

> 7.      **Protection of Lender's Rights in the Property; Mortgage Insurance.** If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in

>court, paying reasonable attorneys' fees and entering on the Property to make
>repairs.  Although Lender may take action under this paragraph 7, Lender does not
>have to do so.
>
>>Any amounts disbursed by Lender under this paragraph 7 shall become
>additional debt of Borrower secured by this Security Instrument.  Unless Borrower
>and Lender agree to other terms of payment, these amounts shall bear interest
>from the date of disbursement at the Note rate and shall be payable, with interest,
>upon notice from Lender to Borrower requesting payment.
>
>>If Lender required mortgage insurance as a condition of making the loan
>secured by this Security Instrument, Borrower shall pay the premiums required to
>maintain the insurance in effect until such time as the requirement for the
>insurance terminates in accordance with Borrower's and Lender's written
>agreement or applicable law.

From 1996 to 2006, Plaintiff repeatedly failed to maintain the required insurance on the property and failed to pay property taxes.[1]  In order to protect its interests, New South paid insurance premiums and property taxes for several years.  During these ten years, New South sent numerous letters to Plaintiff, requesting proof of insurance or payment of property taxes.  Due to an error, however, New South's file listed more than one mailing address for Plaintiff, resulting in many letters being sent to a nonexistent address.  Although the record includes letters sent to the correct address, Plaintiff argues, without supporting affidavits or record evidence, that she received no correspondence whatsoever from New South during this time span.

To recover payments it made on Plaintiff's behalf, New South increased Plaintiff's monthly payments from $554.15 to $602.25 in August 1998.  New South later raised Plaintiff's monthly payments incrementally from January 2003 to October 2005, culminating in a monthly payment of $931.27.  Plaintiff, however, continued to pay $602.25 until New South first returned

---

[1] She failed to procure hazard insurance on the property for the ten years running from 1996 to 2006.  She did not pay her property taxes in 1996, 1997, or 1998.  Additionally, Plaintiff did not have flood insurance coverage in 2004 and 2005.

a payment in April 2006.  Plaintiff attempted to cure the arrearage in July 2006, but New South returned the payment as insufficient.  One year later in 2007, the Underwood Law Firm notified Plaintiff that it would conduct a foreclosure sale of Plaintiff's residence.  Plaintiff averted foreclosure by remitting a check for $14,500.42 to the Underwood Law Firm on April 18, 2007.

Plaintiff filed the current action on June 4, 2007, asserting violations of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601-2617, and alleging multiple tort and contract theories.  Following discovery, New South moved for summary judgment of all claims against it.

**II.    Analysis**

    A.    <u>Summary Judgment Standard</u>

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Id.* at 323.  The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial."  *Id*. at 324.  Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial.  *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d

1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075.

    B.    <u>RESPA Claim</u>

Plaintiff contends that New South violated RESPA by failing to notify her that the servicing rights to the loan had been transferred. RESPA mandates that "[e]ach servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person." 12 U.S.C. § 2605(b)(1). Under RESPA, servicing "means receiving any scheduled periodic payments from a borrower . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower." *Id.* §2605(i)(3); *see Daw v. Peoples Bank & Trust Co.,* 5 F. App'x. 504, 505 (7th Cir. 2001) (finding that §2605(b) did not apply where lender "did not assign, sell, or transfer the servicing of the loan").

Plaintiff's RESPA claim hinges on the factual assertion that Defendant assigned the servicing of the loan. To support her claim, Plaintiff refers to a 1999 transaction wherein New South transferred the Johnson deed of trust to The Chase Manhattan Bank, as trustee for a Pooling and Servicing Agreement. However, the Assignment of Deed of Trust executed May 27, 1999 identifies New South as the "Servicer" of the loan.

Plaintiff also cites a June 16, 2006 letter from New South to JP Morgan Chase, The Chase Manhattan Bank's successor corporation, as additional proof that New South transferred the servicing rights of Johnson's loan. However, that letter also shows that New South retained

4

servicing rights on the loan, since it requests the loan file to assist in administering the foreclosure of the loan.  In addition to these documents, Defendant has attached an affidavit stating that the servicing rights were never transferred.  Plus, the parties' submissions clearly demonstrate that Defendant actually serviced the loan after the 1999 assignment.  *See, e.g.,* Plaintiff's Response to Ex. D.  Plaintiff has offered no evidence showing that payments were made to any entity other than New South, and she offers no record evidence rebutting New South's evidence that it serviced the loan at all relevant times.   Accordingly, Plaintiff's RESPA claim fails as a matter of law.

      C.      <u>State Law Claims</u>

Plaintiff's Complaint alleges twelve state law claims against Defendant sounding in both contract and tort, however, she has conceded a breach of fiduciary duty claim.  New South elected to address the remaining claims collectively in its brief, noting that the claims share common sources – the incorrect address in New South's records and New South's decision to increase Plaintiff's payments.  Starting with the former, Plaintiff has offered nothing to suggest that New South breached the contract by paying her insurance and taxes and adding the costs to her debt.  The contract expressly allowed those actions.  Thus, the core of Plaintiff's dispute is the incorrect address.  However, as New South correctly observes, Plaintiff has never established actual damages resulting from the errant address.[2]

---

[2] New South addressed these claims collectively in its memorandum, leading Plaintiff to conclude that New South had not addressed certain claims.  However, New South's motion sought summary judgment as to all claims, and its arguments were clearly directed at all of the overlapping state law causes of action.  Plaintiff's response failed to address those issues.

The only injury specifically alleged in Plaintiff's Complaint is that New South's conduct "prevented her from refinancing with other lenders." Complaint ¶ 36. Her Complaint otherwise generically claims that she "was damaged." Complaint ¶¶ 44, 49, 52, 55, 60, 67, 74. Plaintiff's response to New South's summary judgment motion ignored the refinancing issue and offered no record evidence to substantiate it. Plaintiff may not rest on the allegations of her Complaint, but must instead go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324. Plaintiff failed to meet this burden with respect to the only injury expressly identified in her Complaint.

Rather than address the refinancing injury, Plaintiff offered two different arguments in response to New South's motion. First, she claims that she was damaged because "for the duration of their entire loan," no correspondence was received. Plaintiff's Response at 9. The Court cannot accept this argument on a factual basis because Plaintiff offered no record evidence to support it. *Id*. Even assuming she had properly supported the argument, which is contradicted by the correspondence Defendant submitted, Plaintiff still has not demonstrated how the lack of correspondence caused actual damages.

Plaintiff also asserts that her property was not insured during the relevant years, because the insurance New South was forced to place, due to her breach of the deed of trust, listed an incorrect (and nonexistent) address. New South anticipated this argument in its motion and attached an affidavit from the insurer stating that the incorrect address would not have prevented coverage in the event of a claim. Plaintiff challenged the affidavit through a few rhetorical questions, but she offered no counter-affidavits, exhibits or legal authority for her position and therefore failed to create a genuine issue of material fact. *Id.*

Finally, although not mentioned in this portion of her brief, a broad reading of Plaintiff's response suggests that she disputes the accuracy of the amount paid to avoid foreclosure. In this regard, Plaintiff's recitation of facts lists several "questions of fact" such as the years she paid (or did not pay) for insurance and taxes. New South has conceded that its initial affidavit misstated certain dates, but none of this is material. The only material issue with respect to this portion of her argument is whether the amount she paid was correct. Defendant has produced evidence demonstrating that the amount was correct. Plaintiff responds with argument and speculation but little else, and the Court finds that there is no competent record evidence demonstrating that Plaintiff was charged and paid more than she owed.[3]

Ultimately, the Court must grant Defendant's motion because Plaintiff has failed to offer any competent record evidence to support any of her claims. As previously stated, conclusory allegations, speculation, unsubstantiated assertions and legalistic arguments are no substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co.*, 276 F.3d at 759. Plaintiff's response fails to establish a *material* issue of fact.

### III.   Conclusion

The record creates no genuine issue of material fact as to whether New South transferred its servicing rights, and Plaintiff's RESPA claim must therefore fail. As for her state law claims,

---

[3]The Court has reviewed Plaintiff's exhibits in search of evidence that she paid too much when, in April 2007, she attempted to avoid foreclosure. If such evidence is within the record, it was not addressed in Plaintiff's Response and is not apparent to the Court. Although the Court endeavored to consider the record as a whole, "district courts are under no duty 'to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Fuentes*, No. 07-10426, 2008 WL 64673, at *3 *Id*. (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir.1998); *Skotak v. Tenneco Resins, Inc*., 953 F.2d 909, 915-16 & n. 7 (5th Cir.1992)).

Plaintiff concedes that she failed to maintain insurance or pay taxes on her home in breach of the deed of trust and that New South acted within its rights in purchasing hazard and flood insurance. In addition, she offers no evidence demonstrating that the amount she was charged was incorrect, or that she somehow suffered any other actual damages.  Having found Defendant's arguments meritorious, Defendant New South Federal Savings Bank is entitled to summary judgment with respect to all claims.

The Court notes, however, that Plaintiff named two defendants, JP Morgan Chase and UBS Financial Services, Inc., who have not made an appearance in this action.  Plaintiff is therefore ordered to report to the Court within ten (10) days of entry of this order as to whether this order fully resolves the matter.

**SO ORDERED AND ADJUDGED** this the 4th day of November, 2008.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE